IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No.: 1:20-cv-00845-RM-SKC

TYLER PREITAUER,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

    Defendant.

## FIRST WRITTEN DISCOVERY ORDER

This Discovery Order addresses the Parties' dispute over three topics from Plaintiff's Rule 30(b)(6) Deposition Notice. Counsel for the Parties contacted chambers (consistent with the Court's civil case practice standards) to alert the Court to their discovery dispute. They subsequently filed simultaneous briefs on the issues, as the Court requested. [#40 and #41.] The Court now issues this order to resolve the discovery dispute, as indicated below.

**PRINCIPLES**

"A deposition under Rule 30(b)(6) differs in significant respects from the normal deposition. To begin with, the notice of deposition must 'describe with reasonable particularity the matters for examination.'" 8A C. Wright, A. Miller, & R. Marcus, Federal Practice & Procedure § 2103 (3d ed. 2010). This requirement seeks "to enable the responding organization to identify the person who is best situated to

1

answer questions about the matter, or to make sure that the person selected to testify is able to respond regarding that matter." *Id.* Accordingly, Rule 30(b)(6) creates obligations on both sides: the side being deposed has an obligation to prepare one or more witnesses to testify, and the side taking the deposition has an obligation to "designate with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 421, 426 (D. Kan. 2007).

"An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task. To avoid liability, the noticed party must designate persons knowledgeable in the areas of inquiry listed in the notice." *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000). Where the deponent "cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." *Id.* For example, when identified topics-of-inquiry for a Rule 30(b)(6) deposition use the term "all," courts have noted that Rule 30(b)(6) depositions are not intended to be "memory tests" in which a deponent is asked to recall every single detail related to a topic. *Gebremedhin v. Am. Family Mut. Ins. Co.*, No. 113- cv-02813, 2015 WL 4272716, at *10 n.6 (D. Colo. July 15, 2015); *see also Reed*, 193 F.R.D. at 692 ("Although plaintiff has specifically listed the areas of inquiry for which a 30(b)(6) designation is sought…Plaintiff broadens the scope of the designated topics by indicating that the areas of inquiry will 'includ[e], but not [be] limited to' the areas specifically enumerated.").

For these reasons, a measure of specificity tailored to the facts of the case is required when crafting the topics for a Rule 30(b)(6) deposition. *See Thorman &*

2

*Wright Corp*, 243 F.R.D. at 426 (Rule 30(b)(6) topics must "designate with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."); *Lapenna v. Upjohn Co.*, 110 F.R.D. 15, 21 (E.D. Pa. 1986) (disallowing questions where it was apparent there had been no attempt to tailor them to the facts involved in the case).

The proper scope of a Rule 30(b)(6) deposition is further limited by the proportional needs of the case. Fed. R. Civ. P. 26(b)(1). Indeed, Rule 26(b)(2)(C) allows a court to limit discovery on motion or on its own if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or may be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

## ANALYSIS

Defendant objects to three topics—Topics 12, 15, and 33.

**Topic 12:** The Court agrees with Plaintiff that this topic has some relevance to Defendant's affirmative defense of non-cooperation. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ..") But crafted as a Rule 30(b)(6) topic, Topic 12 lacks the requisite specificity. The Court will allow this topic *but limited to* records Defendant obtained from the releases that were

3

not previously provided to Defendant by Plaintiff and which Defendant intends to rely upon in support of its non-cooperation affirmative defense.

**Topic 15:** The Court sustains Defendant's objections to this topic. Topic 15 is overbroad and vague. It is not limited to specific types of training, seminars, or training bulletins, and in that sense, potentially encompasses a wide swath of irrelevant information. Even the attempted limiting language of "substantially relied upon in adjusting" the claim, does not save Topic 15 from its defects. It lacks the requisite specificity required by Rule 30(b)(6) and is disallowed.

**Topic 33:** This topic is also too broad. It encompasses, "any representative at AmFam who in any way participated in the handling, adjusting assessing, or evaluation" of Plaintiff's claims for UM and UIM benefits, no matter how little their involvement may have been. It also is not tailored to disciplinary or corrective actions involving conduct relevant to the claims or defenses in this case, but rather, it encompasses discipline or corrective action issued for any reason. This topic is disallowed.

\*   \*   \*

For these reasons it is ORDERED that Defendant prepare and provide a Rule 30(b)(6) designee(s) to provide testimony on Topic 12 as modified above. FURTHER ORDERED that Topics 15 and 33 are disallowed.[1]

DATED: December 29, 2020

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge

---

[1] The Court understands from its staff (after a call they received from counsel) that the disputes and arguments raised herein also pertain to corresponding Requests for Production of Documents issued by Plaintiff under Fed. R. Civ. P. 34, and that the parties have asked the Court to address those as well. The Court's rulings herein concerning Topics 15 and 33 apply to the corresponding RFPs. However, the Court finds an RFP that corresponds to the language of Topic 12 to be relevant and proportional. The Court notes Defendant's argument that this information is equally available to Plaintiff; but that places the burden on Plaintiff to determine and demonstrate what he failed to provide to Defendant, if anything. Asking Defendant to produce or identify what it received from third parties that it contends it never received from Plaintiff is a reasonable request that satisfies Fed. R. Civ. P. 26, especially considering Defendant's non-cooperation affirmative defense. Finally, Defendant's brief references a possible issue regarding RFP 3 that the parties had not conferred over, and which Plaintiff did not address in his brief. Thus, the Court does not address RFP 3 currently.