IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No.: 1:20-cv-00845-RM-SKC

TYLER PREITAUER,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

    Defendant.

---

ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE
TO CONDUCT RULE 35 EXAMS [#30]

---

This case arises out of a chain-reaction collision involving five vehicles. The 20-year-old Plaintiff, Tyler Preitauer, was injured during the collision. After settling a liability claim with the insurer of one of the vehicles involved, Preitauer made claims for underinsured motorist (UIM) benefits as an insured under two insurance policies with Defendant American Family Mutual Insurance Company. American Family subsequently issued *Fisher* payments to Preitauer in addition to other payments all totaling $167,810.78. *See Fisher v. State Farm Mut. Auto. Ins. Co.*, 419 P.3d 985 (Colo. App. 2015), aff'd, 418 P.3d 501 (Colo. 2018).

American Family has yet to deny Preitauer's UIM claim or render a coverage decision. What remains outstanding between the parties vis-à-vis Preitauer's insurance claims, in relevant part, is his claimed need for future back treatment and

1

his damages for lost earning capacity because he claims his injuries prevent him from pursuing a career as a diesel technician.

American Family now seeks to conduct two examinations of Preitauer under Fed. R. Civ. P. 35: a vocational interview and testing, and a functional capacity evaluation. It filed its Motion for Leave to Conduct Rule 35 Exams [#30] seeking this relief. The Motion was referred to the magistrate judge. This Court has reviewed the Motion, Preitauer's Response [#35], and American Family's Reply [#39]. The Court has also considered applicable law and entries from the docket. No hearing is necessary. For the reasons stated below, the Motion is GRANTED.

## PRINCIPLES

Federal Rule of Civil Procedure 35 provides, upon a motion for good cause, "[t]he court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." *Id.* In addition to establishing good cause, the movant must also show that each condition for which an examination is sought is actually in controversy. *Olsen v. Owners Ins. Co.*, No. 18-CV-1665-RM-NYW, 2019 WL 1002938, at *2 (D. Colo. Mar. 1, 2019). "'Good cause' indicates that the showing is more than mere relevance, and is not merely a formality. [ ] Rather, the court weighs the need for information against the individual's right to privacy." *Id.* (citation omitted). The "good cause" and "in controversy" requirements may implicate the same factors, and therefore, courts may consider these issues

together. *Id.* The decision to allow a Rule 35 examination is left to the sound discretion of the court. *Id.*

## ANALYSIS

The Court agrees with American Family that Preitauer's claims for diminished earning capacity and diminished employability based on his claimed ongoing functional limitations places his future vocational capacity and future functional limitations squarely in controversy.[1] This is particularly true when considering American Family has not yet made a coverage decision for portions of Preitauer's UIM claim. *See Meumann v. Peerless Idemnity Ins. Co.*, No. 19-CV-03554-CMA-KMT, 2020 WL 4016111, at *2 (D. Colo. July 15, 2020) ("At the time of the payment, the necessity for future treatment, as well as the applicability of other benefits owed, in addition to payment of medical bills, was, and still remains, in dispute."); *Peden v. State Farm Mut. Auto. Ins. Co.*, No. 14-CV-00982-LTB-KLM, 2017 WL 11546221, at *5 (D. Colo. Sept. 25, 2017) ("I first note that although the reasonableness of State Farm's actions are to [be] assessed at the time it denied Plaintiff's claim, the claims process continued after Plaintiff filed this suit. This is the case with many

---

[1] Preitauer has variously argued in written discovery response that he has "lost income as a result of the incident from the date it happened through the present;" "My career was stolen from me before I even had a chance to start it;" "My future earning capacity will likely be diminished as a result of the incident as I have been told that an advanced career in automotive is out of the question at any point for a person with my injury. I will not be able to do it ever due to my injuries;" I have no idea when I will be able to return to any work, much less a career;" and "Plaintiff's earning capacity is diminished. Plaintiff feels that his future has been damaged." [*See generally* #30-1 at pp.2-4.] Further, his formal life care plan indicates specified medical care and treatment "are intended to be provided for the patient's life expectancy, unless otherwise clarified." [#30-2 at p.1.]

3

insurance claims."); *cf. Schultz v. GEICO Cas. Co.*, 429 P.3d 844, 848-49 ("[W]e reaffirm that the reasonableness of an insurer's decision to deny or delay benefits to its insured must be evaluated based on the information that was before the insurer at the time it made its *coverage decision*.") (emphasis added).

For these reasons, there is good cause for the Rule 35 examinations American Family seeks. The Court also finds vocational testing and functional capacity examinations are consistent with the types of examinations allowed under Rule 35. *See* Fed. R. Civ. P. 35, 1991 advisory committee notes. American Family's Motion for Leave to Conduct Rule 35 Exams is GRANTED. American Family shall proceed under Rule 35(2)(A)-(B) and is FURTHER ORDERED to provide the requisite notice and secure an order which specifies the time, place, manner, conditions, and scope of the examinations, as well as the person(s) who will perform them.

DATED: January 11, 2020

BY THE COURT:

_____
S. Kato Crews
U.S. Magistrate Judge